

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-85,945-01

### EX PARTE HENRY LEE HUTCHINSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2012-1755-C2 IN THE 54TH DISTRICT COURT
### FROM MCLENNAN COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault and sentenced to seventy-five years' imprisonment. The Tenth Court of Appeals affirmed his conviction. *Hutchinson v. State*, No. 10-13-00120-CR (Tex. App. — Waco, April 17, 2014) (not designated for publication).

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance

---

[1]This Court has considered Applicant's other claims and finds them to be without merit.

because trial counsel failed to advise Applicant that he was facing punishment as a habitual felon, failed to investigate, interview witnesses and obtain evidence to support Applicant's alibi, and failed to object when the trial court "became an advocate for the State" by giving the State advice regarding the enhancement allegations during a conference outside the presence of the jury.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. Although trial counsel has submitted an affidavit and the trial court has made findings of fact and conclusions of law, counsel's affidavit does not specifically address the above-mentioned claims, and some of the trial court's findings of fact and conclusions of law are not supported by the record.

The trial court shall order trial counsel to respond more fully to Applicant's claims of ineffective assistance of counsel. Specifically, trial counsel shall state when the State provided notice of its intent to seek habitual felony punishment, and whether and when trial counsel advised Applicant that he was facing a punishment range of 25-99 years' or life imprisonment. Trial counsel shall state when he communicated each plea offer made by the State to Applicant, and shall state whether any such plea offers were made before or after the State notified the defense of its intent to seek habitual felony punishment enhancements.

Trial counsel shall state whether Applicant ever advised counsel that he had a potential alibi for the time of the offense. If Applicant did advise counsel that he was at a Texaco store at the time of the offense using the telephone and purchasing items using his debit card, trial counsel shall state whether he or the defense investigator attempted to interview the store clerk, obtain video footage,

or secure telephone records from the Texaco. Counsel shall state whether he was aware that the attempt to secure bank records for Applicant's debit card was intended to be for the date of the offense, April 21, 2012, and if so, whether he noticed that the subpoena issued by the defense was seeking records for April 21, 2011.

Finally, trial counsel shall state why he did not object when the trial court advised the State that the enhancement allegations were not properly pleaded, and allowed the State to abandon the original enhancement and rely on different enhancements during the punishment stage of trial.

The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first supplement the habeas record with copies of any documents reflecting the offering and/or rejection of any plea offers in this case. In addition, the trial court shall supplement the record with copies of the State's notice of intent to seek enhanced punishment. The trail court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order.  Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: November 23, 2016
Do not publish